**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-3336

———————————

UNITED STATES OF AMERICA

v.

JORRAINE ANDERSON,
Appellant

———————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. No. 3-05-cr-00042-001
District Judge: Honorable Malachy E. Mannion

Submitted Under Third Circuit L.A.R. 34.1(a)
June 14, 2019

———————————

Before: HARDIMAN, KRAUSE, and PORTER, *Circuit Judges*.

(Filed: June 17, 2019)

———————————

OPINION[*]

———————————

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

PORTER, *Circuit Judge*.

Jorraine Anderson asks us to vacate his sentence. He contends that the District Court's sentence was procedurally unreasonable because the Court noted that the advisory range under the United States Sentencing Guidelines would have been higher if not for the applicable statutory maximum. We disagree, so we will affirm.

I[1]

In early 2018, Anderson was released from prison for a 2007 drug offense and began a 36-month term of supervised release. Less than six months later, state authorities arrested and later convicted Anderson for drug offenses like those for which he had recently been released.

By committing these offenses, Anderson violated the terms of his federal supervised release. He pleaded guilty to this "Grade A" violation. And because his criminal history topped the guidelines chart, the advisory range would have been 33–41 months imprisonment. But the statutory maximum sentence for his offense was just 24 months, 18 U.S.C. § 3583(e)(3), so the final guidelines recommendation was also 24 months under U.S.S.G. § 7B1.4(b)(1).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2). Anderson failed to object to any perceived error at his sentencing, so we review his sentence only for plain error. *See United States v. Flores-Mejia*, 759 F.3d 253, 256–57, 259 (3d Cir. 2014) (en banc) ("An error is plain if it is clear or obvious, affects substantial rights, and affects the fairness, integrity or public reputation of judicial proceedings." (internal quotation marks and citation omitted)).

The District Court and defense counsel both noted at sentencing that the 24-month statutory maximum became the guidelines recommendation. The Court explained this to Anderson:

> [I]n a very strange way, you have a huge significant break in this case. As [your counsel] had indicated, your guideline range is 33 to 41 months, theoretically. But you can't get a sentence that's higher than the maximum sentence that can be imposed, and based upon your underlying offense in that drug case, the Class [C] felony, the maximum you can get on a Class A violation is 24 months. So you're actually almost one-third less than what your normal guideline range in a case like this would be. So you've got yourself a significant break as -- I don't know, as a luck of the draw, I'll call it, I don't know what I want to refer to it as.

A19. The District Court sentenced Anderson "within the guideline range" to 24 months imprisonment. A19. Anderson timely appealed.

II

The last step of the sentencing process requires district courts to exercise discretion in crafting a sentence by weighing the factors in 18 U.S.C. § 3553(a). *See United States v. Bungar*, 478 F.3d 540, 542–44 (3d Cir. 2007); *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Anderson's only argument is that the District Court's comments show that the Court favored the inapplicable 33-to-41-month guideline range, and thereby failed to reasonably weigh the § 3553(a) factors. Otherwise, he says, the District Court would have imposed a lesser sentence. We disagree.

The District Court stated several times that the statutory maximum of 24 months operated as the recommended sentence under the guidelines. *See, e.g.*, A16 ("[When] the suggested guideline range is actually higher than the statutory maximum you can receive[,]

… the statutory maximum becomes the guideline range. In this case, it is 24 months.").

Nothing in the record suggests that the District Court relied on any guidelines recommendation other than 24 months. Indeed, the Court declared that the imposed sentence, 24 months, was "within the guideline range." A19.

The Court's comment about a "significant break" simply noted that the guidelines recommended a 24-month sentence only because the statutory maximum was less than the bottom of the "theoretical" guidelines range that would have otherwise applied. A19. Even Anderson's counsel noted this at the hearing. That the District Court commented on how the guidelines operated in Anderson's case does not show plain procedural error.

We will affirm the judgment of the District Court.